UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>     Plaintiff, )<br>)<br>-v- )<br>)<br>LUIS AYALA-VIEYRA, )<br>     Defendant. )<br>_____) | No. 1:19-cr-216-02<br><br>Honorable Paul L. Maloney |

### MEMORANDUM OPINION AND ORDER

Defendant Luis Ayala-Vieyra requests the Court modify his sentence under 18 U.S.C. § 3582(c)(2) (ECF Nos. 225 and 227). Defendant relies on Amendment 821 to the Sentencing Guidelines, which the Sentencing Commission has made retroactive. The Court will deny the motion.

Once a district court imposes a sentence, the court may not modify that sentence except in limited circumstances. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). One such exception, § 3582(c), permits a district court to modify a sentence when the Sentencing Commission makes guidelines modifications that lower the sentencing guidelines range for that defendant. 18 U.S.C. § 3582(c)(2). The district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

For motions brought under § 3582(c), district courts conduct a two-step review. *See United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*,

560 U.S. 817, 826-27 (2010)).  In motions that rely on Amendment 821, the court must first determine if the Sentencing Commission's changes actually lowered the defendant's guidelines range and whether the reduction is consistent with applicable policy statements. Second, the court must consider the § 3553(a) factors to decide whether to exercise its discretion to reduce the defendant's sentence.

Defendant's motion fails at the first step.  Amendment 821 creates a new provision in the Sentencing Guidelines, § 4C1.1, which authorizes sentence adjustments for "zero-point offenders."  U.S.S.G. § 4C1.1.  Subsection (a) provides that the defendant must meet all ten of the listed criteria.  The seventh criteria provides that the defendant did not possess a firearm or other dangerous weapon in connection with the offense.  U.S.S.G. § 4C1.1(a)(7). The Final Presentence Report states that Defendant possessed a firearm in connection with a  drug-trafficking crime and added two points under § 2D1.1(b)(1) to Defendant's offense level (ECF No. 175).  The United States Probation Office found Defendant ineligible for the sentence reduction because of the firearm (ECF No. 232).  Defense Counsel filed a response acknowledging that Defendant did not meet the requirements for a sentence reduction under Amendment 821 (ECF No. 233).  The Court concludes that the Defendant possessed a firearm in connection with his drug-trafficking activities rendering him ineligible for a sentence reduction under Amendment 821.  *See, e.g., United States v. Lundy*, 1:18cr274, 2024 WL 216610, at *1 (N.D. Ohio Jan. 18, 2024); *United States v.* Munne, No. 22-20182, 2023 WL 8449522, at *2-*3 (S.D. Fla. Dec. 6, 2023).

Accordingly, the Court **DENIES** Defendant Ayala-Vieyra's motion for a sentence reduction (ECF Nos. 225 and 227).  **IT IS SO ORDERED.**

Date:   January 24, 2024                             /s/  Paul L. Maloney
                                                                                Paul L. Maloney
                                                                                United States District Judge